[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2007
THOMAS K. KAHN
CLERK

No. 07-11015
Non-Argument Calendar

_____

D. C. Docket No. 06-14059-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ALEJANDRO CUBAS-PERDOMO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant is a citizen of Honduras. On March 5, 1999, after having been convicted in Florida of burglary of a dwelling and grand theft and having served time in prison for those crimes, appellant was deported to Honduras. On September 18, 2006, he was arrested in Fort Pierce, Florida for driving with a suspended license. The police notified U.S. Immigration and Customs Enforcement of his arrest and, on October 19, 2006, a Southern District of Florida grand jury indicted him for violating 8 U.S.C. § 1326(a), (b)(2), for illegal re-entry following a conviction for an aggravated felony and deportation.

On November 30, 2006, appellant pled guilty of that offense, and on February 21, 2007, the district court sentenced him to prison for a term of 46 months. He now appeals his sentence, contending that it is unreasonable because it is "unreasonably harsh in light of the purposes for sentences set forth in 18 U.S.C. § 3553(a)(2)." Appt's Br. at 9.

The Sentencing Guidelines prescribed a prison sentence of 41-51 months in this case.[1] The court imposed a sentence midway in that range. It did so after treating the Guidelines as advisory, explicitly taking into account the sentencing purposes of § 3553(a)(2), especially (a)(2)(A), (B), and (C), and hearing what

_____

[1] This sentence range reflected an adjusted offense level of 21 and a criminal history category of II.

appellant had to say. The purpose set out in (A) is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The purpose in (B) is "to afford adequate deterrence to criminal conduct." The purpose in (C) is "to protect the public from further crimes of the defendant." The court's comments at sentencing indicated that the court considered the need of the sentence to deter future unlawful activity, the (B) and (C) purposes, and to promote respect for the law, one of the (A) purposes. Regarding the latter, the court was concerned about appellant's "unwillingness to abide by rules and regulations." Appellant claims that the court failed adequately to take into account his minimal criminal record, no history of violence, his youth at the time he committed the burglary and grand theft offenses, his parents' United States citizenship, his upbringing in this country, and his fear of gang activity in Honduras. The court considered these circumstances in fashioning appellant's sentence. That it did not give them the weight appellant desired was a matter committed to the court's sound discretion.

Appellant has not shown that his sentence is unreasonable. It is therefore **AFFIRMED.**